ATTORNEY GENERAL HENRY HAS REQUESTED THAT I RESPOND TO YOUR LETTER DATED AUGUST 22, 1990 WHEREIN YOU INQUIRE, IN ESSENCE, AS FOLLOWS: UNDER THE LICENSING PROVISIONS OF 37 O.S. 501 ET SEQ, IF A LICENSEE SURRENDERS A LICENSE, IS SUCH LICENSE IN CONTINUOUS FORCE AND EFFECT FOR THE PURPOSES OF 37 O.S. 518.2? AFTER RESEARCHING THE RELEVANT LAW, I HAVE DETERMINED THAT AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER APPROPRIATE NOR NECESSARY DUE TO THE FACT THAT A CLEAR READING OF THE STATUTES READILY SUPPLIES AN ANSWER TO YOUR INQUIRY. AS YOU KNOW, 37 O.S. 518.2 PROHIBITS THE LICENSING OF ANY REGULATED BUSINESS WHICH IS LOCATED WITHIN 300 FEET OF A CHURCH OR SCHOOL. THE STATUTE INCLUDES VARIOUS EXCEPTIONS BUT ALL EXCEPTIONS REQUIRE, THAT FOR A LICENSE TO BE RENEWED, THE ORIGINAL LICENSE MUST HAVE BEEN "IN CONTINUOUS FORCE AND EFFECT." SECTION 37 O.S. 518 OF TITLE 37 PROVIDES IN PERTINENT PART AS FOLLOWS: "ALL LICENSES, EXCEPT AS OTHERWISE PROVIDED, SHALL BE VALID FOR ONE (1) YEAR FROM THE DATE OF ISSUANCE UNLESS REVOKED OR SURRENDERED." CLEARLY, THEREFORE, A LICENSE WHICH IS SURRENDERED IS INVALID PURSUANT TO 37 O.S. 518 AND THEREFORE IS NOT "IN CONTINUOUS FORCE AND EFFECT" FOR THE PURPOSES OF 37 O.S. 518.2. I BELIEVE THE LANGUAGE, "EXCEPT AS OTHERWISE PROVIDED" REFERS TO LICENSES SUCH AS SPECIAL EVENTS LICENSES WHICH ARE VALID FOR UP TO TEN DAYS 37 O.S. 595 . I HAVE SPOKEN TO THE ABLE LEGAL STAFF AND BEEN INFORMED THAT THE ADMINISTRATIVE STAFF HAS BEEN RELYING ON AN OLD OPINION DRAFTED BY A FORMER ABLE COUNSEL WHICH APPEARS TO BE CONTRARY TO THE CONCLUSION OUTLINED ABOVE. THE CURRENT LEGAL STAFF BELIEVES THE EARLIER OPINION TO BE IN ERROR AND CONCURS WITH MY VIEW OF THE STATUTES. I HAVE BEEN ASSURED THAT THE ADMINISTRATIVE AND LEGAL STAFF (ABSENT SOME VERY UNUSUAL FACTUAL NUANCE) WILL VIEW ALL SURRENDERED LICENSE AS INVALID IN THE FUTURE.
(DOUGLAS B. ALLEN)